UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOAN RESOLUTION CORPORATION. et al.,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION,<br><br>　　　　　　　　　　　Defendant. | Case No.: 17cv1691-L(VWG)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

　　　In this breach of contract action under California law, Plaintiffs claim federal jurisdiction based on diversity of citizenship under 28 U.S.C. §1332. (Compl. at 2.) Because the complaint does not sufficiently allege citizenship of all the parties, the action is dismissed with leave to amend.

　　　Unlike state courts,

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Federal courts are constitutionally required to raise issues related to federal subject matter jurisdiction and may do so *sua sponte*. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). A federal court must satisfy itself of its jurisdiction over the subject matter before proceeding to the merits of the case. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577, 583 (1999).

The plaintiff bears the burden of demonstrating that jurisdiction is properly before the Court. *See Thornhill Publ'g Co. v. General Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). Plaintiffs rely on 28 U.S.C. §1332, which requires complete diversity of citizenship between plaintiffs and defendants. The complaint must affirmatively allege the state of citizenship of each party. *Bautista v. Pan Am. World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir.1987); *see also Kanter v. Warner-Lambert, Co.*, 265 F.3d 853 (9th Cir. 2001).

The complaint names LRC Asset Management LLC ("LRCAM") as one of the Plaintiffs. For diversity purposes, the citizenship of a non-corporate business entity is determined by the citizenship of each of its members. *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195-96 (1990). Plaintiffs do not adequately allege LRCAM's membership and the citizenship of each member. (*See* Compl. at 2.) The complaint is therefore insufficient to establish that the parties meet all the requirements of diversity jurisdiction.

Because Plaintiffs do not allege the facts necessary to establish diversity, the complaint is dismissed for lack of subject matter jurisdiction. Plaintiffs are granted leave to file an amended complaint to supplement the jurisdictional allegations. *See* 28 U.S.C.
/ / / / /

§1653.  If Plaintiffs choose to file an amended complaint, they must do so no later than **September 7, 2017**.

**IT IS SO ORDERED.**

Dated:  August 24, 2017

_____
Hon. M. James Lorenz
United States District Judge