UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOAN RESOLUTION CORPORATION *et al.*,<br><br>　　Plaintiffs,<br><br>　v.<br><br>U.S.BANK NATIONAL ASSOCIATION,<br><br>　　Defendant. | Case No. 3:17-cv-01691-L-VWG<br><br>**ORDER DENYING JOINT MOTION TO SEAL** |

　　Pending before the Court is Joint Motion to Seal Confidential Documents Previously Filed as Exhibits A Through D to the Complaint and First Amended Complaint ("Joint Motion"). The parties request sealing of four exhibits in their entirety totaling approximately 65 pages. For the reasons stated below, the Joint Motion is denied without prejudice.

　　Sealing court records implicates the "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). The lack of opposition to a motion to seal therefore does not automatically resolve it. *See Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1128, 1130 & *passim* (9th Cir. 2003).

Aside from "grand jury transcripts and warrant materials in the midst of a pre-indictment investigation," a strong presumption applies in favor of public access to judicial records. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). This principle was adopted "because the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the public's understanding of the judicial process and of significant public events." *Id.* at 1179 (internal quotation marks and citations omitted). Accordingly, a party seeking to seal a judicial record bears the burden of overcoming the strong presumption of public access by meeting the "compelling reasons" standard. *Id.* at 1178.

The courts have carved out an exception to the presumption of access to judicial records for sealed discovery documents attached to a non-dispositive motion, such that the usual presumption of the public's right of access is rebutted. *Id.* (internal quotation marks, citations and brackets omitted). The party seeking to seal a document attached to a non-dispositive motion must meet the lower "good cause" standard stated in Federal Rule of Civil Procedure 26(c). *Foltz*, 331 F.3d at 1135.

The parties request sealing of exhibits attached to the complaint rather than documents attached to a dispositive or non-dispositive motion. There is a split of authority among district courts in the Ninth Circuit whether sealing documents attached to a pleading must meet the good cause or compelling reasons standard. *Cf. MMI, Inc. v. Baja, Inc.,* 743 F. Supp. 2d 101, 106 (D. Ariz. 2010) (good cause); *NVIDIA Corp. Derivative Litig.,* 2008 WL 1859067 (N.D. Cal. Apr. 23, 2008). Because the Joint Motion does not meet the lower good cause standard, the Court need not address the conflict among the districts.

A pre-litigation confidentiality agreement between the parties is analogous to a stipulated protective order. That a document is designated confidential pursuant to a protective order is of little weight when it comes to sealing documents which are

filed with the Court. *See San Jose Mercury News, Inc. v. U.S. Dist. Ct. (Saldivar)*, 187 F.3d 1096, 1103 (9th Cir. 1999); *Beckman Indus. v. Int'l Ins. Co.*, 966 F.2d 470, 475-76 (9th Cir. 1992); *Confederated Tribes of Siletz Indians of Or. v. Weyerhaeuser Co.*, 340 F. Supp. 2d 1118, 1121 (D. Or. 2003). By their nature, private agreements, like protective orders, do not provide advance opportunity for the Court to analyze whether any particular document should be sealed. *See San Jose Mercury News*, 187 F.3d at 1103; *Foltz*, 331 F.3d at 1133. Whether a document designated as confidential pursuant to a protective order should be sealed must therefore usually be determined de novo. *See Weyerhaeuser*, 340 F. Supp. 2d at 1121. Same applies to pre-litigation agreements. The parties' reliance on their confidentiality agreement is therefore insufficient to meet the good cause standard.

Moreover, "[a] party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." *Foltz*, 331 F.3d at 1130. "[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). The parties' conclusory assertions regarding the sensitive nature of the documents, unsupported by a declaration, are insufficient to meet the good cause standard of Rule 26(c), and are *a fortiori* insufficient to meet the higher compelling reasons requirement.

The Joint Motion is therefore denied. Denial is without prejudice to renewing the request to seal only those portions of the exhibits for which the requisite showing is made. The Court is not inclined to seal the exhibits in their entirety.

**IT IS SO ORDERED.**

Dated: September 21, 2017

_____
Hon. M. James Lorenz
United States District Judge